UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CARL P BENTLEY #379096** | **CIV. ACTION NO. 3:23-00771 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ALLEN KUPP** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion for summary judgment [doc. #16], filed by Defendant Alan Cupp. The motion is opposed. [doc. #21]. Also before the undersigned is a motion for discovery [doc. #24], filed by Plaintiff Carl Bentley, which is unopposed. For reasons assigned below, it is recommended that the motion for summary judgment be GRANTED, the motion for discovery DENIED, and the case DISMISSED WITH PREJUDICE.

### Background

On June 8, 2023, Plaintiff pro se Carl Bentley ("Bentley") filed the instant civil rights complaint under 42 U.S.C. § 1983 against Alan Cupp ("Cupp," misidentified as "Allen Kupp"), warden of the Richland Parish Detention Center ("RPDC"). Complaint [doc. #1]. Pursuant to the undersigned's order, Bentley amended his pleadings on August 4, 2023. Amended Complaint [doc. #8]; *see also* Memorandum Order [doc. #7]. Bentley alleges that on May 10, 2023, while incarcerated at RPDC, Cupp utilized excessive force against him. Amended Complaint [doc. #8, p. 1]. Specifically, Cupp allegedly grabbed Bentley's arm, twisted it behind his back, then shoved him through a door while repeatedly attempting to trip Bentley before ultimately pushing

him into a wall. *Id.* Cupp also allegedy placed Bentley "in the hole without a write up." *Id.* Bentley seeks $2,000,000.00 for pain and suffering. Complaint [doc. #1, p. 4].[1]

Cupp filed a motion for summary judgment on December 6, 2023. M/Summary Judgment [doc. #16]. Therein, Cupp avers that Bentley failed to exhaust his administrative remedies as he did not properly submit his grievance, nor did he complete every step of the grievance process. Memorandum in Support of M/Summary Judgment [doc. #16-1, pp. 5-6]. Bentley responded with his opposition on December 29, 2023. Response to M/Summary Judgment [doc. #21]. Shortly thereafter, on January 9, 2024, Cupp replied to the response. Reply to Response to M/Summary Judgment [doc. #22]. Bentley filed his motion for discovery on January 25, 2024, seeking production of video footage of the May 10, 2023, incident. M/Discovery [doc. #23].

Briefing is complete. Accordingly, this matter is ripe.

## Discussion

I.  **Standard of Review**

a.  *Summary Judgment*

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2] A dispute about a material fact is 'genuine' if a reasonable fact

---

[1] Bentley initially requested to be transferred to another facility. *Id.* On September 13, 2023, this request was dismissed. Judgment [doc. #12].

[2] The materiality inquiry "is independent of and separate from" evidentiary standards. It is substantive law that identifies which facts are relevant and which are not. "Any proof or evidentiary requirements imposed by the substantive law are not germane to this inquiry, since

2

finder could render a verdict for the nonmoving party based on the available evidence. *Id.* at 248-49.  "To avoid summary judgment, the non-moving party must establish 'the existence of [all essential elements of] that party's case [for] which that party will bear the burden of proof at trial." *Drayton v. United Airlines, Inc.*, No. 23-20017, 2023 WL 5919327, at *2 (5th Cir. Sept. 11, 2023) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Failure to prove "an essential element" of the non-movant's case "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

To properly support a motion for summary judgment, the moving party must identify portions of "the pleadings, depositions, answers to interrogatories, and admissions on file" which demonstrate the absence of a genuine issue of material fact. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002) (quoting FED. R. CIV. P. 56(c)).  This absence is shown by exhibiting that the record contains no support for the non-moving party's claim. *Stahl*, 283 F.3d at 263.  To rebut a properly supported motion for summary judgment, the non-moving party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Atkins v. Szymczak*, 710 Fed.Appx. 223, 224 (5th Cir. 2018) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249.  If the non-movant is unable to identify anything in the record to support his claim, summary judgment is appropriate. *Stahl*, 283 F.3d at 263.

While courts will "resolve factual controversies in favor of the [non-moving] party," an actual controversy exists only "when both parties have submitted evidence of contradictory

---

materiality is only a criterion for categorizing factual disputes in their relation to the legal elements of the claim and not a criterion for evaluating the evidentiary underpinnings of those disputes." *Id.*

facts." *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 74 F.4th 268, 275 (5th Cir. 2023) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). When analyzing a motion for summary judgment, "[t]he court need consider only the cited materials, but it may [also] consider other materials in the record." FED. R. CIV. P. 56(c)(3).[3] Courts "may not make credibility determinations or weigh the evidence," and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013).

b.   *42 U.S.C. § 1983*

Plaintiff-prisoners bringing a claim under 42 U.S.C. § 1983 must exhaust their administrative remedies prior to suing in federal court. *Id.* at § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). Exhaustion includes compliance with relevant deadlines and other procedural rules. *Ramirez v. Collier*, 595 U.S. 411, 421 (2022); *see also Johnson v. Kukua*, 342 F.App'x 933, 934 (5th Cir. 2009) (" Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules."). District courts cannot excuse a prisoner's failure to exhaust the administrative grievance process prior to filing their complaint. *Putnam v. Traylor*, 633 F.App'x 600, 601 (5th Cir. 2016). Because exhaustion is mandatory, a case in which administrative remedies have not been exhausted must be dismissed. *Id.*

Fifth Circuit precedent indicates that exhaustion can only be achieved by strict adherence to applicable requirements. A prisoner-plaintiff's ignorance of the relevant grievance process is

---

[3] However, Rule 56 does not require the Court to "'sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

4

not an excuse for failure to exhaust said process. *See Simkins v. Bridges*, 350 F.App'x 952, 953 (5th Cir. 2009) ("[The prisoner-plaintiff's] alleged ignorance of the proper procedure is not an excuse."). Administrative remedies are exhausted only when the grievance process has been pursued "to conclusion." *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). In a multi-step process, a defendant's failure to respond to the plaintiff-prisoner's grievance at one stage does not result in exhaustion, but instead entitles the plaintiff-prisoner to move on to the next step of the process. *Id.* This requirement to work through all steps of a grievance process applies even when subsequent steps are subject to discretionary language. *See id.* at 300 (holding plaintiff-prisoner failed to exhaust remedies of three-step process despite second and third step being subject to discretionary language that prisoner "may request" and "may appeal" decisions at prior steps). Defendants bear the burden of proving that the prisoner-plaintiff has failed to exhaust available administrative remedies. *Cantwell v. Sterling*, 788 F.3d 507, 508-09 (5th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

## II.     Cupp's Motion for Summary Judgment

The motion for summary judgment is predicated on Bentley's alleged failure to exhaust his administrative remedies. Cupp argues that Bentley (a) failed to submit his grievance properly and (b) failed to pursue the grievance process to its conclusion. Memorandum in Support of M/Summary Judgment [doc. #16-1, p. 6].

As a threshold matter, Cupp avers that Bentley's inmate file does not contain any grievance submissions related to the alleged incident at issue in this case. Wade Declaration [doc. #16-2, p. 1]. While Bentley does not contest that his putative grievance submission is missing from the file, he does assert that a grievance form was submitted via mail on May 20, 2023. Bentley Interrogatory Responses [doc. #16-3, p. 14]. Cupp argues Bentley's putative submission-by-mail

is procedurally deficient, pointing to the RPDC "Grievance Process (Administrative Remedy Procedure)" ("the RPDC ARP"), which indicates completed grievances "should be given to a correctional officer." RPDC ARP [doc. #16-2, p. 6]; *see also* Wade Declaration [doc. #16-2, p. 1]. Cupp argues that by mailing the grievance as opposed to submitting it directly to an officer, Bentley failed to comply with the procedural requirements of the RPDC ARP. Memorandum in Support of M/Summary Judgment [doc. #16-1, p. 6]. This would mean that Bentley failed to follow controlling procedural rules and thus failed to exhaust his administrative remedies.

At odds with the RPDC ARP propounded by Cupp is a document introduced by Bentley titled "Initiating an ARP (Administrative Remedy Procedure)" ("the DOC ARP"), which indicates grievances may be mailed to the Department of Corrections. DOC ARP [doc. #21-1, p. 1].[4] These conflicting grievance process requirements appear to create a genuine dispute of material fact that affects an essential element of Bentley's case (i.e., whether he has exhausted applicable administrative remedies). However, the Fifth Circuit has found that prisoners must comply with the ARP "provided to him by the jail in which he was being held," not the ARP of other institutions. *Philips v. Green*, 814 F.App'x 852, 855 (5th Cir. 2020) (finding prisoner filing grievance was bound by requirements of the ARP used by the institution at which he was held, not the Louisiana Department of Corrections ARP).[5] As Bentley was held at the RPDC, he was bound to follow the RPDC ARP, not the DOC ARP. Bentley's failure to comply with the RPDC ARP procedural requirements constitutes a failure to exhaust his administrative remedies.

---

[4] As grievances are to be mailed to the Louisiana Department of Corrections, the undersigned understand this to be the its ARP process.

[5] The undersigned notes that this rule may cause confusion for prisoners being moved throughout prisons in the State and could result in dismissals of suits otherwise meriting full resolution. However, this court is bound by the Fifth Circuit's precedent.

Cupp further challenges Bentley's grievance on the grounds that he failed to fully proceed through the RPDC ARP process, which contains three steps. RPDC ARP [doc. #16-2, pp. 6-7].[6] Cupp asserts that Bentley only engaged in the first step of that process. Memorandum in Support of M/Summary Judgment [doc. #16-1, pp. 5-6]. Bentley does not dispute this. In fact, Bentley's pleadings confirm he only completed that first step. *See* Complaint [doc. #1, p. 2] (In response to the question "[w]hat specific steps of the prison procedure did you take and what was the result," Bentley responded "Step 1, no response[.]"); *see also* Response to Request for Admissions [doc. #16-3, p. 17] (Bentley indicating that he "did not receive a response" to his putative Step One grievance submission).[7] Bentley's failure to pursue the process to its conclusion further confirms that he did not exhaust his administrative remedies.[8]

Accordingly, it is RECOMMENDED that the motion for summary judgment be granted and all claims against Cupp be dismissed with prejudice.

---

[6] The RPDC ARP proceeds as follows: Step One requires the aggrieved prisoner to complete a grievance form and submit it within thirty (30) days of the alleged incident. The staff member against whom the grievance is lodged ("the Step One Respondent") may respond within fifteen (15) days of the date the grievance was referred to him. Step Two allows a prisoner unsatisfied with the Step One Respondent's response to request a review by the Assistant Warden. The request must be filed within five (5) days of receiving the Step One Respondent's response. The Assistant Warden then has twenty-five (25) days to submit a written decision. At Step Three, the prisoner may appeal the Step Two decision to the Warden within five (5) days of receiving that document. RPDC ARP [doc. #16-2, pp. 6-7]. The DOC ARP also contains three steps. First, the aggrieved prisoner must file a grievance within ninety (90) days of the alleged incident. A Second Step filing may be made no earlier than forty-five (45) days after the initial grievance submission. Finally, a Judicial Review may be filed "after either the Second Step [is] rejected or forty-five (45) days after filing the Second Step in which there was no response." DOC ARP [doc. #21-1, p. 1].

[7] Although the alleged perpetrator of the excessive force was Cupp, there is no exception to Bentley's duty to exhaust his administrative remedies.

[8] Even if there were some exception permitting Bentley to proceed under the DOC ARP, it also contains three steps, and he also failed to exhaust remedies under that process as well.

### III. Bentley's Motion for Discovery

Bentley requests that the court issue an order subpoenaing video evidence of the May 10, 2023, incident giving rise to the instant suit. M/Discovery [doc. #23, p. 1]. As it is recommended that the matter be dismissed with prejudice, it is appropriate to deny the motion. Discovery of any putative video evidence of the May 10 incident will not cure Bentley's failure to exhaust administrative remedies, a deficiency which merits dismissal of Bentley's complaint. [9]

Accordingly, it is RECOMMENDED that the motion for discovery be denied.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Alan Cupp's motion for summary judgment [doc. #16], be **GRANTED**, Plaintiff Carl Bentley's motion for discovery [doc. #23], be **DENIED**, and the case be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling. **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[9] The undersigned certainly does not condone any alleged use of excessive force, but, regardless of what is shown on the video, Plaintiff did not exhaust his administrative remedies.

REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

In Chambers, at Monroe, Louisiana, on this 6th day of February, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE